FILED
2015 APR 16 AM 11: 24
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

US District Court for the Middle District of TN

) Craig Cunningham

) Plaintiff, pro se

)

) v.

**CIVIL ACTION NO.**

)

) CBC Conglomerate LLC, Bruce Phillip Hood, Carey Gorge Howe

) Defendants.

### Plaintiff's Original Complaint

1. The Plaintiff in this case is Craig Cunningham, a natural person and was resident of Davidson County at all times relevant to the complaint, and currently has a mailing address of 5543 Edmondson Pike, ste 248, Nashville, TN 37211

2. Upon information and belief, CBC Conglomerate LLC is a California corporation operating from 5862 Bolsa Ave st 102, Huntington Beach, CA 92649 and can be served there or via registered agent William Mitchell at 9160 Irvine Center Dr., ste. 200 Irvine, CA 92618.

3. Bruce Hood is an officer of CBC Conglomerat LLC, hereafter CBC, which is an address of 5862 Bolsa Ave ste 102, Huntington Beach, CA 92649.

1

4. Carney George Howe is an officer of CBC Conglomerate and can be served via registered agent or at 5862 Bolsa Ave ste 102, Huntington Beach, CA 92649

**Jurisdiction**

5. Jurisdiction of this court arises as the defendants continuous and systematic contacts within the state of Tennessee in placing numerous phone calls to consumers in the state of Tennessee as part of a robocall marketing campaign in which numerous phone calls were made to consumers across the country. Subject matter jurisdiction is apparent as the TCPA is a federal question under 28 USC 1331.

6. Venue in this District is proper as the defendants are subject to personal jurisdiction based on the continuous and systematic contacts within the forum state of Tennessee. The telephone calls which led to the violations of alleged here occurred in Tennessee. The Defendants made multiple unsolicited telephone calls to the Plaintiff and other Tennessee residents living in Tennessee.

**FACTUAL ALLEGATIONS**

7. In 2015, the Plaintiff received multiple automated phone calls to the Plaintiff's cell phone, which was 615-212-9191 at the time. These calls were clearly automated and made by an automated telephone dialing system as defined by 47 USC 227(a)(1), which can store or produce telephone numbers to be called using a random or sequential number generator. The calls connected to agents who presumably were from India.

2

8. The Plaintiff is unsure how the Defendants obtained his cell phone number as he never gave it to them and never gave express or implied consent for the defendants to call his cell phone using an automated telephone dialing system or with a pre-recorded message. The Defendants would have had to obtained the Plaintiff's signature clearly authorizing automated/pre-recorded calls to the Plaintiff's cell phone for the calls to be permitted under the law, and the Plaintiff has signed no such document for the defendants.

9. The Plaintiff had phone calls on at least March 2-4th, March 23, March 24, MArch 25, March 27, March 31st, April 1st, April 2nd, April 3rd, April 6th, April 7th, April 8th, and April 10th at a minimum from a variety of phone numbers, which the Plaintiff later determined to be associated with Defendant CBC.

10. Defendant CBC is engaging the a student loan scam designed to dupe unwitting individuals with student loans into using their "document preparation" services to consolidate their student loans and to apply for income based repayment, charging a large up front fee of $699 in addition to a monthly fee of $39.99 for each month for the duration of time until a would be client's loans are paid off. For many consumers, this is 10-30 years.

11. Defendant CBC sent the Plaintiff paperwork for consolidating his student loans which explained the entire process and costs involved. The fees in question are for loan consolidation, which most people could complete within 10-15 minutes online with ease. These "services" are outrageously priced and do not represent a good or fair value for any consumer for essentially performing data entry.

3

12. The calls in question violated 47 USC 227(b) entitling the Plaintiff to a recover of $1500 for making calls using an automated telephone dialing system and containing a pre-recorded message and 47 USC 227(c)(5) as codified by 47 CFR 64.1200 under the FCC's rulemaking authority entitling the Plaintiff to an additional recovery of $1500 for violating 47 CFR 64.1200(b) and 47 CFR 64.1200(d)(4) as the defendants failed to have a a written policy regarding telemarketing, trained personnel who engage in telemarketing, failed to identify the seller and telemarketers, and failed to maintain a do-not-call list. In total, the Defendants owe the Plaintiff $3,000 per call.

## CAUSES OF ACTION:

### COUNT I

### Violations of the Telephone Consumer Protection Act (TCPA)

13. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

14. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing calls with pre-recorded/automated messages to the Plaintiff's cell phone that lacked the name or address of the entity placing the phone calls in violation of 47 USC(c)(5) as codified by the FCC's rulemaking under 47 CFR 64.1200(d)(4), failing to have a written policy regarding telemarketing, failing to

4

maintain a do-not-call list, and failing to have trained personnel who engage in telemarketing.

## CAUSES OF ACTION:

## COUNT II

### Violations of the Telephone Consumer Protection Act (TCPA)

15. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

16. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing unsolicited and unwelcome telephone calls to the Plaintiff's cell phone. These phone calls also violated the TCPA by being automated as defined by the TCPA in violation of 47 USC 227(b)

### PRAYER FOR DAMAGES AND RELIEFS

A. WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that judgment be entered against each and every defendant for the following:

B. Statutory damages of $3000 for each phone call.

C. Pre-judgment interest from the date of the phone calls.

D. Costs of bringing this action; and

5

E. For such other and further relief as the Court may deem just and proper

I, Craig Cunningham, Affiant, hereby attest to and certify that the facts contained in the foregoing complaint are true and correct to the best of my knowledge, information and belief and that a true and correct copy of the foregoing was sent to the defendants in this case.


Respectfully submitted,

Craig Cunningham

Plaintiff, Pro-se

Mailing address:

5543 Edmondson Pike, ste 248

Nashville, tn 37211

615-348-1977

4/13/2015