US District Court for the Middle District of TN

)    Craig Cunningham

)    Plaintiff, pro se

**RECEIVED**
**IN CLERK'S OFFICE**

JAN 2 5 2016

**U.S. DISTRICT COURT**
**MID. DIST. TENN.**

)

)        v.

**CIVIL ACTION NO.** 3:15-cv-0439

)

)    CBC Conglomerate LLC, et al

**Plaintiff's Motion for sanctions and motion to compel discovery and Motion to compel disclosure**

1.  To the honorable US District Court:

2.  The Plaintiff requests the court sanction the defendants and their counsel, pursuant to rule 37 of the FRCP for their refusal to participate in the discovery process, refusal to provide initial disclosures, and refusal to produce documentation as they claimed they would.

### Timeline of Discovery Dispute

3.  The Plaintiff in this case has served the defendants with a discovery request originally on July 16, 2015.[1] The Defendants delayed responding until September 25th 2015.[2] The Plaintiff sent a notice regarding the Defendant's discovery responses and lack of initial disclosures on December 23rd 2015[3] to which the Defendants counsel Bill Mitchell replied *"We are only too happy to waste time and money"*[4], which is illustrative of their intentions on just wasting their client's money and court's time as well as deadlines set in the case.

4.  The Defendants also requested 10 days to respond to the Plaintiff's notice and more than 15 days later, no response has been forthcoming from the Defendants. Sanctons are appropriate.

### The Defendants have failed to produce initial disclosures

5.  The Defendant's initial disclosures are due within 14 days of the scheduling order being filed by the court, which was months ago, and to date, the Defendants have failed to produce any initial dis-

---

[1] See Plaintiff's Exhibits A, B, and C Plaintiff's admissions, interrogatories, and request for production
[2] see Defendant's Answers to Plaintiff's Admissions, interrogatories, and request for production. Exhibits E and F
[3] See Plaintiff's Notice, Exhibit G
[4] See email from Bill Mitchell Dated December 23rd 2015.

closures. The Defendants were put on notice regarding their lack of initial disclosures on December 23rd, and yet no disclosures have been produced by the Defendants.

6. As such, sanctions are approriate under rule 37 and the Plaintiff requests the court order the defendants to produce initial disclosures.

### The Defendants have made improper objections

7. The Defendant's Objections to the Plaintiff's questions in discovery are improper. Specifically cited in the Plaintiff's notice regarding **requests for production** are:

8. Additionally, your response to request for production 4 is improper. The question did not ask if Defendant CBC created the flow chart or not, but rather sought the "data sent to affiliate" as described in the flow chart. You either have whatever this data is or you don't. Produce it if you do.

9. For request # 9 I will rephrase that to state "Produce all documents relating to the use of an automated telephone dialing system as defined by the TCPA, 47 USC 227 from Jan 1 2015 through May 1 2015". There is nothing vague about the scope of this question and feel free to refer to a calendar of 2015 if you are unsure of which timeframe and the dates are being referred to.

10. For request #10, your objection is improper. Regardless of your claims of who made the calls and what phone system was used to place the calls, the Plaintiff is entitled to inspect and review the phone records for the respective entities to actually determine what happened in the case. Please remove your objection and produce the responsive documents.

11. and regarding the **interrogatories**, specifically cited in the Plaintiff's notice are:

12. Your responses to the interrogatory #2 are insufficient and not responsive. You failed to state any hardware or software used to place the calls in question

13. Your responses to interrogatory #3 are insufficient and not responsive. You failed to state the name, address, and phone number of the "affiliate" for which the Plaintiff's information was sent.

14. Your responses to interrogatory #4 are insufficient and not responsive. You failed to state the actual parameters sent for the generation of a student loan prospect and failed to state how exactly your client determined they had prior express consent to call the Plaintiff in this specific case. I am not speaking in general terms, but specific to my case and regarding the telephone calls to 615-212-9191 on the dates refererenced in the interrogatories.

15. For interrogatory #5, your responses are clearly not accurate when reviewing the flowchart for the calls in question, which list 6 automated calls from 2/27 throguh 4/1 and more automated calls than that if you go through the entire list of it. I will give you the opportunity to amend your answers which are given under oath.

16. For interrogatory #6, your response is not responsive to the question. There is no mention of written policies, training, the use of an internal do-not-call list or any part of the question actually asked. Please produce a responsive answer.

**The Defendants have failed to respond properly to the Plaintiff's discovery requests in general**

17. The FRCP states that when responding to discovery, a party must first state the question and then write their response. The Defendants have failed to do or supplement their responses and just provided answers only in response to the Plaintiff's initial discovery requests.

18. The Defendants should be ordered to produce proper discovery responses, which list the question asked and answer in response and sanctioned for their failure to do so by.

**The Defendants have failed to produce any documents, including documents which they stated they would produce in discovery months ago.**

19. In response to the Plaintiff's initial discovery requests, the defendants stated they would produce their do not call list and policy. Months later, this has not been done. The Defendants should be ordered to produce this information, which they stated they would do and sanctioned for their current failure to do so.

20. In conclusion, the Plaintiff requests the court grant the Plaintiff's motion to compel disclosures, Motion to compel discovery, and motion for sanctions and sanction the Defendants $5,000 to the Plaintiff for their obstructionist discovery tactics and wasting time in this case. Additionally, the Plaintiff requests the court extend the discovery timeframe by 90 days in light of the Defendant's counsel being only too happy to "Waste time and money".

Respectfully submitted,

Craig Cunningham, 01/19/2016 Plaintiff, Pro-se

5543 Edmondson Pike ste 248

Nashville, TN 37211

615-348-1977

US District Court for the Middle District of TN

)    Craig Cunningham

)    Plaintiff, pro se

)

)      **v.**

**CIVIL ACTION NO.** 3:15-cv-0439

)

)    CBC Conglomerate LLC, Bruce Phillip Hood, Carey Gorge Howe

### Certificate of Service

I certify that a true copy of the foregoing was sent via email on 1/19/2016 to Rocky King at Rocky.king@arlaw.com

Craig Cunningham, Plaintiff, Pro-se

5543 Edmondson Pike ste 248

Nashville, TN 37211

01/19/2016

615-348-1977