IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| CRAIG CUNNINGHAM, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 3-15:0439 |
| CBC CONGLOMERATE LLC, ET AL., | ) ) ) |
| Defendant. | ) ) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS AND MOTION TO COMPEL DISCOVERY AND MOTION TO COMPEL DISCLOSURE**

Defendants, CBC Conglomerate, LLC, Bruce Phillip Hood, Carey George Howe, USFFC Inc. and Jay Singh (hereinafter collectively referred to as "Defendants"), submit the following response to Plaintiff Craig Cunningham's (hereinafter "Plaintiff") Motion for Sanctions and Motion to Compel Discovery and Motion to Compel Disclosure and requests that the Court deny the Motion. In further support of this Response Defendants state as follows:

**I.  Introduction**

Plaintiff Craig Cunningham has provided inaccurate information in the Motion to Compel Disclosure and request for sanctions. Defendant CBC Conglomerate LLC ("CBC") has provided complete responses to discovery, produced documents, and provided all information associated with an initial disclosure.

By way of background, Plaintiff is a frequent pursuer of claims under the Telephone Consumer Protection Act ("TCPA" or "Act"). The Act is intended to protect consumers from unwanted marketing solicitations. It was not intended to create a cottage industry for those who prefer to work from home.  Further, upon information and belief, Plaintiff seeds the internet with

1

expressions of interest for various products and services and when the solicitations arrive, Plaintiff manipulates the sales process to increase the number of calls and thereby increasing the number of statutory violations. Once the game is secure in the baited trap, Plaintiff files the complaint and makes his demand.

In this instance, there are serious issues as to both who initiated many of the telephone calls, the nature of the calls (responding to a request to call back based on an expression of interest), and whether these calls violate the TCPA. Thus, when CBC sought to litigate the matter, Plaintiff was deprived of his easy payoff. Plaintiff retaliated by using the discovery process to drive up the legal costs in the hopes of obtaining his pre-figured demand (number of calls x $1,500) and has openly conveyed as much to Defendants' counsel. The court may not fully appreciate this recitation of facts, but the court should be aware of exactly what its resources are being utilized to redress and the true basis for Plaintiff's Motion.

Further, a possible source of either confusion or frustration on the part of Plaintiff is that CBC is not the party who placed the calls that are the subject of this action. This was made abundantly clear in the responses to the Interrogatories. CBC's discovery responses identified the party who actually made the calls to Plaintiff and resulted in Plaintiff amending the Complaint and adding two parties. In spite of receiving this information, Plaintiff continues to demand further responses from CBC when complete responses have already been provided and Plaintiff's discovery should be directed at other parties.

In particular, In the Motion to Compel, asserts that:

- "The Defendants have failed to produce initial disclosures" and
- "The Defendants have failed to produce any documents…."

2

As outlined below, these statements are partially or completely inaccurate and as such, Plaintiff's Motion should be denied.

## II. Argument

### A. Defendants have made Initial Disclosures

Plaintiff is correct that Defendants have not formally made initial disclosures. What Plaintiff omits, however, from his brief is that on December 23, 2015, Plaintiff first provided his initial disclosure and then demanded that Defendants produce their Rule 26 disclosures within ten days. Defendants did not comply within the ten demand because (i) all information that is to be provided to Plaintiff in an initial disclosure had already been provided at the beginning of this litigation and in CBC's responses to Plaintiff's discovery requests and (ii) Defendants were not aware of any requirement to provide the initial disclosure within ten (10) of Plaintiffs demand. Rule 26(a)(1)(C) states that the initial disclosure is to be made 14 days following the Rule 26(f) conference.

Indeed, all the information that would be contained in CBC's initial disclosure has already been provided through discovery. All individuals that have relevant information related to CBC are the individually named defendants Bruce Hood and Carey Howe. Further, CBC has already produced the documents that it obtained, which relate to Plaintiff's claim and the defenses thereto in July 2015, another fact Plaintiff conveniently omits. *See* discussion below and Declaration of William R. Mitchell, filed contemporaneously with this Response. Finally, Defendants do not have a claim for damages but, rather, the only damages claim in this matter are the damages claimed by Plaintiff. Thus, the information that would have been provided in an initial disclosure has already been provided.

3

Finally, the filing of a Motion to Compel is not the corrective action in the event a party fails to timely file an initial disclosure.

B.  **Defendants have not made improper objections.**

Plaintiff indicates that CBC's responses to Plaintiff's requests for production No. 4, 9 and 10 are improper. This argument is misplaced.

**Request No. 4** – CBC has in both conversations with Plaintiff and in interrogatory responses made clear that the Event Flow chart was generated by USFFC and the information was obtained by and compiled by USFFC. The response provided was intended to again emphasize that USFFC, and not CBC, was both the source of the document and information. CBC believes that by indicating that it was not the source, it was also stating that CBC did not have any responsive information or documents.

**Request No. 9** – Based on the clarification provided by Plaintiff, CBC will supplement its response. There are no responsive documents.

**Request No. 10** – CBC stands by its objection as to being vague as to "any phone system" particularly in light of CBC's phone system did not place any calls to Plaintiff.

Next, Plaintiff indicates that Interrogatory responses No. 2 – 6 are deficient. Again, this argument is incorrect, as follows:

**Interrogatory No. 2** – In the response CBC states that it did not place any calls to Plaintiff and that USFFC placed such calls to Plaintiff. In that CBC did not make the calls, it does not know the hardware or software used to place the calls. The response is complete and identified the party that made the calls, which information was used to amend the complaint. CBC was candid and provided useful information to Plaintiff. Importantly, the response makes clear that because CBC did not place the calls, it would not know the requested information.

4

**Interrogatory No. 3** – CBC responded to the first part of the request, but did fail to provide the additional information. This appears to be an oversight and will be corrected.

**Interrogatory No. 4** – The response to the inquiry is difficult to respond to when CBC is not the party conducting the marketing. The information sought is best obtained from USFFC, a party in this litigation. CBC is only aware of the existence of an expression of interest in the services. How that interest is determined in this instance is unknown by CBC. It can be implied by the consumer completing a form indicating some interest in the services. Plaintiff complains that the response does not identify all parameters. The inquiry did not request a listing of all parameters.

**Interrogatory No. 5** – The interrogatory asks for the total number of automated calls placed to Plaintiff by CBC. The response states clearly that CBC did not place any calls. The response further indicates that by reviewing the Flow Chart produced to Plaintiff it appears that there were 5 automated calls. Plaintiffs believe this response is inaccurate and that CBC should have responded by indicating 6 automated calls. With all due respect, Plaintiff cannot impose his interpretation of the Flow Chart on CBC, particularly when CBC stated that its response was based on "information and belief." There is nothing inappropriate as to this response.

**Interrogatory No. 6** – The interrogatory asks for policies related to the Do Not Call listing and any training associated with the Do Not Call list. The response is accurate. CBC does not engage in telemarketing, and thus, it does not have a policy or training information that would be responsive to this discovery request. The response is that CBC makes sure that any lead providers it utilizes does have a policy. It directs Plaintiff to obtain the details of the implementation of the policy to USFFC, the party identified as making the calls.

5

A review of the interrogatories reflects truthful and useful information. CBC is not relying on objections to avoid responding. The fact that CBC did not place the calls results in its inability to answer all of Plaintiff's discovery responses. That, however, is not CBC's fault and Plaintiff can obtain further discovery responses from the other parties that are now in this litigation. This appears to be the basis for Plaintiff's frustration. But there is no basis to compel further responses or to impose sanctions when CBC is not the proper party for these discovery requests and has complied with its discovery obligations.

**C. Defendants responded properly to the discovery requests.**

Plaintiff is correct that the questions are not stated prior to providing the response. Defendants will supplement its responses to correct this deficiency.

**D. The Defendants have produced all responsive documents within their possession.**

Plaintiff claims that Defendants have not produced any responsive documents. This is completely false. On July 8, 2015 and prior to the service of Plaintiff's Request for Production of Document, Mr. Mitchell forwarded two emails to Plaintiff. See Declaration of William R. Mitchell. The first email attached a document that listed the identity and all data associated with the lead. See Exhibit A to the Dec. of Wm. Mitchell. This document identifies the telephone number as belonging to Wilsoo Wilson. The document identifies when the lead was purchased and by whom. It also identifies each contact made to the designated telephone number and the nature of each contact made related to that number.

The second mail sent to Plaintiff on that date attaches two other relevant documents. See Exhibit B to Decl. of Wm. Mitchell. The first document (Exhibit B-1) is a copy of information from the CRM of the marketing company USFFC. This data profile reflects information provided by Plaintiff during one or more telephone calls in which Plaintiff expressed an interest

6

in obtaining the services provided by CBC. The information on this data profile could only be provided by Plaintiff. The second document is a type written transcription of a telephone call with Plaintiff in which Plaintiff provided the information reflected on Exhibit B-1 and expressed interest in the services provided by CBC.

These documents were obtained by CBC from USFFC. When this lawsuit was first filed, CBC did not have these documents because it is not the party the made the calls to Plaintiff. Thus, CBC had no documents responsive to Plaintiffs Requests for Production of Documents related to the call, but in the furtherance of fact finding in the case, obtained these documents from USFFC and provided them to Plaintiff.

In Plaintiff's Motion, he states that defendants should be required to produce its do-not-call policy. Mr. Mitchell represented that if a policy existed, it would be produced. See Dec. of Wm. Mitchell. No such policy exits because CBC does not engage in telemarketing programs. Thus, Defendant CBC has produced all discoverable documentation responsive to Plaintiff's discovery requests.

**III.    Conclusion**

Plaintiff's Motion should be denied. CBC has participated fully in discovery and provided all discoverable information within its possession. Therefore, CBC requests that this Court deny Plaintiff's Motion to Compel and his extraordinary request for sanction. Such remedies are simply not merited or warranted in this matter.

7

Respectfully submitted,

**Counsel for Defendants:**

s/ Rocklan W. King III
Rocklan W. King, III (BPR #30643)
ADAMS AND REESE LLP
Fifth Third Center
424 Church Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 259-1450
Facsimile: (615-259-1470
rocky.king@arlaw.com

William R. Mitchell (SBN: 101858) (admitted Pro Hac Vice)

**WILLIAM R. MITCHELL, INC.**

9160 Irvine Center Drive, Suite 200
Irvine, California 92618
Telephone: (949) 769-3606
Facsimile: (949) 769-3607
bill@wrmbizlaw.com

8

Case 3:15-cv-00439 Document 34 Filed 02/08/16 Page 8 of 9 PageID #: 132

**CERTIFICATE OF SERVICE**

      I certify that on this 8th day of February, 2016 the foregoing has been sent by certified mail to Plaintiff on the address identified on his pleadings: 5543 Edmondson Pike, Suite 248, Nashville, Tennessee 37211.

                                                    s/ Rocklan W. King
                                                    Rocklan W. King III